Hanchett Paper Company, Plaintiff in Error, v. George F. Moore, Defendant in Error.

## Gen. No. 15,269.

SALES—*when contract not established.* Held, under the evidence in this case, that a contract of bargain and sale was not entered into between the parties.

Assumpsit. Error to Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 6, 1910.

**Statement by the Court.** This is an appeal by the plaintiff from a judgment against him in a suit brought by him against the defendant in error, to recover the alleged value of a carload of so-called "Elm Backing" shipped from Holland, Mich., to defendant in New York City. There had been previous shipments by plaintiff, but on November 16, 1907,

defendant wrote plaintiff that a carload just received was not all elm, had holes in it and was unsatisfactory. The controversy in this case grows out of a subsequent order from defendant to plaintiff, dated New York, March 6, 1908, as follows: "Please deliver at once 1 carload *Elm* Backing at 2.00 per M., F. O. B. New York. We want *Elm* Backing; 6 feet 3 inch, and in 500 feet bundles. No holes. Ship at once and charge to account of George F. Moore, Incorporated. Per M." The plaintiff acknowledged receipt of this order in a letter as follows:

"Chicago, March 9th, 1908.

Geo. F. Moore,
    34 Cooper Square,
        New York, N. Y.

Dear Sir: We have your order No. 3985 for a carload of Elm Veneer $2.00 per thousand, F. O. B. New York, 6 ft. 3 inch long, 500 ft. in bundle. You say 'no holes.' As the writer told your Mr. Moore when in Chicago a few weeks ago, also your Mr. Schroeder, Manager of your Chicago plant, we cannot cut up these logs and have them perfectly clear.

We instructed the mill to be particular in cutting up logs, and not use any with too large knot holes if possible.

They will not, and we cannot furnish Veneer any different in quality of stock than what we have heretofore been furnishing you.

We will instruct them to go ahead and get this car out immediately with the above understanding. Awaiting your further instructions in the matter before going ahead and getting out this car, we are,

Yours truly,
    Hanchett Paper Company,
        per A. E. Pierce."

To this letter defendant replied of date March 11, 1908, as follows:

"New York, Mar. 11th, 1908.

Hanchett Paper Co.,
    Chicago, Ill.

Gentlemen: In reply to your favor of the 9th inst. in

which you say, 'We cannot furnish veneer any different in quality of stock than what we have heretofore been furnishing you,' if such is the case, then you may cancel our order. At least one-third of the stock you shipped in last carload to New York was worthless. Lot of it had holes in it three feet long. Your Mr. Pierce saw some of the stock in our Chicago house.

We don't expect clear stock; but we cannot wrap moulding with veneer that has three feet holes in it; any more than you could make pie plates or butter dishes out of holes.

Yours very truly,<br>Geo. F. Moore, inc.,<br>Geo. F. Moore Pres."

It is contended in behalf of defendant and the trial court held that the above letter constituted a cancellation of defendant's order of March 6th previous.

Subsequently plaintiff wrote as follows:

"Chicago, March 13th, '08.

Geo. F. Moore,
        New York, N. Y.
Dear Sir:—

We have yours of the 11th relative to the car of Veneer. Your letter was received just as the Supt. of the Mill came into our office this morning. We called his attention to the matter of getting out a car of veneer for you, and he said he has just gotten out several cars, and the run of logs was better than it had been for some time, and that he would get out this car for you, and endeavor to have the run so that there would be no occasion to find any fault with there being too many or too large knotholes. He informs us he will ship this car next week.

Yours truly,<br>Hanchett Paper Company,<br>per A. E. Pierce."

Apparently the plaintiff shipped the car without waiting for a reply to this last letter. According to defendant's testimony the letter last above quoted was not received at its

office until Monday, March 16, 1908. Upon March 17, 1908, the defendant replied to it as follows:

"Hanchett Paper Company.

Gentlemen: Your favor of the 13th inst., in which you say your Superintendent of the Mill will 'endeavor' to run the Veneer to our satisfaction, is received. After our experience with your concern, and the last carload you made for us, such a vague understanding in regard to quality will not be accepted.

We do not take any stock in the 'endeavor' of a superintendent who picks out logs that make more than half a shipment rubbish.

If you want to do any more business with us, you must furnish us at your expense, either here or in Chicago, sample rolls showing the quality of the Veneer you propose to supply. If they are satisfactory, we will then send you an order.

Yours very truly,

George F. Moore, Inc."

This letter was received by the plaintiff in Chicago on the 19th of March. Meanwhile on the 18th of March the plaintiff had caused the car of veneer referred to in plaintiff's letter of March 13th to be shipped from their factory at Holland, Michigan, to the defendant at New York, and a bill for $810, the price of the shipment, was forwarded the same day. March 23, 1908, the defendant wrote expressing surprise at receipt of "an invoice for a carload of Elm Backing" and saying: "The question as to quality is still unsettled, and we shall refuse to accept delivery of this car until it is." Later, on March 27th, the defendant company wrote that not having received a reply to their letter of March 23rd, they returned invoice and bill of lading.

There was some subsequent correspondence. On March 24th the defendant wrote that it noticed plaintiff had "shipped over 400 M. feet;" that the previous cars "contained only 250 M. and 300 M. feet each and we did not expect and cannot use more than that amount. Therefore even if we came to an understanding in regard to quality, there would be 100 M. feet which you must dispose of elsewhere." To this plaintiff telegraphed "Take car. We will extend time on

surplus shipped." The remaining correspondence is not material. Defendant refused to accept the shipment.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

GEORGE W. WOODBURY, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff's contention is that the only question in the case is whether there was a contract of sale between the parties. The trial court found there was not and gave judgment accordingly. In behalf of plaintiff it is urged that the order of defendant was absolute and that the plaintiff's letter of March 9, 1908, constituted an acceptance of the order and that the contract was consummated by the shipment of March 18th. The original order of date March 6, 1908, was a positive order for the kind of material therein described, but for no other kind. It called for *"Elm* Backing" with the word *Elm* underscored, and "with no holes." The plaintiff's reply of March 9th was not an acceptance of the order as given. On the contrary the so-called acceptance was at the most conditional, the plaintiff probably having in mind the complaint previously made in the letter of November 16, 1907, as to the quality of a car of so-called elm backing which plaintiff had shipped to defendant about two months before that time. In that letter of November 16th the defendant had complained that the greater part of that preceding shipment was "very unsatisfactory. Many of the bundles have big holes in the center and most of it is very knotty. It is hard for us to make use of one-half of a bundle and the other half is generally waste.  *  *  Wish you would advise us what you are prepared to do to relieve us of these losses.  *  *  *  *  We are compelled to look to you for reimbursement of the amount of damage caused on this account."

The defendant's order of March 6th specifies with particularity that it is *"Elm* Backing" with "no holes" which defendant wants; and the plaintiff replies, "We cannot cut up these logs and have them perfectly clear.  *  *  *  We

cannot furnish any veneer any different in quality of stock than what we have heretofore been furnishing you." The reply concludes with the statement that plaintiff would await "your further instructions in the matter before going ahead and getting out this car." This letter was clearly a refusal to accept defendant's order of March 6th according to its terms, and without modification in respect to its requirement of "no knot holes." In no sense can it be considered an acceptance of the original order. We cannot concur in plaintiff's contention that the defendant's next letter of March 11, 1908, was not a revocation of the original order of March 6th. In that letter of March 6th defendant refers to plaintiff's statement that it could "not furnish veneer any different in quality of stock than what we have heretofore been furnishing you," and says explicitly, "If such is the case then you may cancel our order. At least one-third of the stock you shipped in last car load to New York was worthless. Lot of it had holes in it three feet long." As the matter then stood plaintiff had declared its inability to furnish material such as defendant had ordered and defendant had replied in effect, "that being the case you may cancel our order."

Plaintiff's counsel urge that the use of the words "if such is the case" made the cancellation conditional, since it is argued that such was not the case, because the car subsequently shipped to defendant on March 18th it is claimed fully complied with the order, as the defendant itself is said to have construed the order in its letter of March 11th. In that letter, after having directed the cancellation of its previous order, defendant had written: "We don't expect clear stock, but we can not wrap moulding with veneer that has three feet holes in it." In view of the fact that plaintiff had written it could not furnish veneer any different in quality than it had "heretofore been furnishing" and defendant had accepted plaintiff's statement to that effect and replied, "then you may cancel our order," we are of opinion the trial court did not err in holding the cancellation to have been absolute and unconditional. The distinction sought to be made by

CHICAGO—FIRST DISTRICT—OCTOBER, 1910. 215

Standard Distilling Co. v. Consol. Adjust. Co., 157 Ill. App. 215.

plaintiff's counsel to the effect that if instead of saying "if such is the case you may cancel our order," defendant had used the phrase "inasmuch as you are unable to do so, cancel our order," the cancellation would have been effective, is in view of the facts shown in evidence a distinction without material difference. Whatever be the construction given the phraseology in controversy, it certainly suspended the original order until some agreement should be reached. Not waiting for further instructions however plaintiff shipped the carload in controversy. No agreement had been reached at that time and none has been since.

The order of March 6th as we have said called for *"Elm Backing"* with the word Elm underscored. The testimony in behalf of the plaintiff tends to show that the carload in question was not wholly of elm, but "of beech and elm and birch and maple." The order by its terms called for elm and there is testimony in defendant's behalf tending to show that elm backing is of a superior grade, more pliable and less liable to break than a backing made of other woods. Even though this carload was "better than the ordinary run," it was not the quality ordered and there were at least knot holes in it; whereas the order called for "no holes." Defendant's counsel insists that on two distinct grounds no recovery can be had; first that the letter of March 11th constituted a cancellation of the original order, and second, that the carload in controversy, the value of which plaintiff sues to recover, was not *Elm* Backing and so did not comply with the order. In this contention we concur.

The judgment of the Municipal Court must be affirmed.

*Affirmed.*